MEMORANDUM **
Lupita N. Connor (“Connor”) appeals the district court’s order granting summary judgment for her former employer, Micron Technology, Inc. (“Micron”), in her Title VII action alleging: (1) sexual harassment; and (2) retaliation. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review an order granting summary judgment de novo. Montero v. AGCO Corp., 192 F.3d 856, 860 (9th Cir. 1999). We affirm.
(1) When no tangible employment action is taken against an employee, an employer may raise the Faragher affirmative defense to liability or damages under Title VII. See Faragher v. City of Boca Raton, 524 U.S. 775, 807, 118 S.Ct. 2275, *304 141 L.Ed.2d 662 (1998). The Faragher defense applies if the employer can prove by a preponderance of the evidence that: (1) “the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior,” and (2) the employee “unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer.” Id.
Viewing the facts in the light most favorable to Connor, the record demonstrates that the alleged harassment did not culminate in a “tangible employment action, such as discharge, demotion, or undesirable reassignment.” Id. at 808. Additionally, Connor failed to raise a triable issue as to whether Micron exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and whether Connor unreasonably failed to take advantage of any preventive or corrective opportunities provided by Micron. Accordingly, the district court properly granted summary judgment to Micron on Connor’s Title VII sexual harassment claim.
(2) To make out a prima facie case of retaliation under Title VII, Connor must demonstrate that: “(1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link between her activity and the employment decision.” Stegall v. Citadel Broad. Co., 350 F.3d 1061, 1065-66 (9th Cir.2004) (internal quotation marks omitted). If a prima facie case of retaliation is established and the employer articulates some legitimate non-retaliatory reason for the challenged action, the plaintiff “must demonstrate a genuine issue of material fact as to whether the reason advanced by the employer was a pretext.” Brooks v. City of San Mateo, 229 F.3d 917, 928 (9th Cir.2000).
Here, the record demonstrates that Connor failed to make out a prima facie case of retaliation because Connor failed to establish a causal link between her sexual harassment complaint and her termination for failure to complete required employee training. Indeed, the record indicates that Micron made every effort to accommodate Connor’s scheduling and other requests after she filed her sexual harassment complaint against her supervisor. Additionally, even had Connor established a prima facie case of retaliation, Connor failed to create a triable issue that Micron’s legitimate and nondiscriminatory reason for firing her was pretext for retaliation. Accordingly, the district court properly granted summary judgment on Connor’s retaliation claim.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.